```
             UNITED STATES DISTRICT COURT
             EASTERN DISTRICT OF KENTUCKY
              SOUTHERN DIVISION AT LONDON
```

**CIVIL ACTION NO. 2007-117**

**SANDRA BEGLEY**
                                                                **PLAINTIFF**
**VS.**
                          **OPINION AND ORDER**

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                             **DEFENDANT**

This matter is before the court on the motion to remand of the claimant (Doc. 8). The Commissioner has responded (Doc. 19).

The claimant argues that a remand is proper because new evidence of the medical treatment the claimant obtained three months after the administrative hearing indicates that the claimant's condition, bipolar I disorder, is worse than initially thought and found by the ALJ. Specifically, the new evidence consists of medical records and court documents relating to claimant's involuntary psychiatric impatient admission at Appalachian Regional Healthcare, Inc., ARH Psychiatric Center-Hazard, dated 8/13/2006 through 8/18/2006, three months after the administrative hearing and approximately three weeks after the ALJ issued his decision. The claimant argues that this information was not before the ALJ at the time of the decision and, therefore, a remand is proper.

It is well established in the Sixth Circuit that federal courts may remand the case to the Commissioner under sentence six of 42 U.S.C. § 405(g), only when the party seeking remand shows

1

that: 1)the evidence is new, 2) the evidence is material, and 3) the claimant has good cause for not first presenting the evidence to the ALJ. 42 U.S.C. §405 (g); <u>Cranfield v. Commissioner of Social Security</u>, 79 Fed. Appx 852(6th Cir. 2003); <u>Delgado v. Commissioner of Social Security</u>, 30 Fed. Appx 542(6th Cir. 2002); <u>Elliott v. Apfel</u>, 28 Fed. Appx 420(6th Cir. 2002); <u>Wyatt v. Secretary of Health and Human Serv.</u>, 974 F.2d 680,685 (6th Cir. 1992). It is the claimant's burden to establish all three prongs for a sentence six remand. <u>Id</u>.

The court finds that the evidence presented is not material. Materiality requires the claimant to "demonstrate that there was a reasonable probability that the Secretary would have reached a different disposition of the disability claim if presented with the new evidence." <u>Sizemore v. Secretary of Health and Human Services</u>, 865 F.2d 709, 711 (6th Cir. 1988).

In <u>Wyatt</u>, the plaintiff sought a remand for the Commissioner to consider a doctor's diagnosis rendered approximately four months after the administrative hearing and five weeks after the ALJ rendered a decision of not disabled. The court found that the claimant had failed to establish that the new evidence was material because it was not evidence of the claimant's condition on or before the hearing date, but a subsequent deterioration or change in his condition. Thus, the court found the new evidence was not material and did not justify a remand. <u>Id</u>. See also <u>Jeffries v. Commissioner of Social Security</u>, 23 Fed. Appx. 351, 353 (6th Cir. 2001) (new evidence found immaterial because report

prepared one year after ALJ decision and did not evidence that it related to claimant's condition at time of decision).

Here, the evidence submitted by the claimant demonstrates that she was involuntarily hospitalized approximately three weeks after the ALJ's decision and three months after the administrative hearing. The history and physical examination report of the involuntary hospitalization provides that the claimant was being hospitalized because the "patient had not been taking her medication." (Doc. 8, ex. 1). Once she began taking her medication, she was found to be stable, and upon discharge her global assessment of functioning was 70%, which indicates mild symptoms. (Doc. 8, ex. 1). See Martin v. Commissioner of Social Security, 61 Fed. Appx. 191, fn. 3 (6th Cir. 2003) (citing American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 34 (4th ed. 2000).

The fact claimant's condition deteriorated as a result of her not taking her medication is a consideration the ALJ can consider in reaching a disability decision. Hardaway v. Secretary of Health and Human Serv., 823 F.2d 922, 927 (6th Cir. 1987); Blacha v. Secretary of Health and Human Services, 927 F.2d 228, 231 (6th Cir. 1990).

Here, the fact claimant had a change of condition because of her failure to take her medication and stabilized once she resumed taking her medication does not support a reasonable possibility that the ALJ would change his decision on disability. In fact, the ALJ's decision indicates that the ALJ was aware of a

3

prior involuntary hospitalization due to non-compliance with medications, but noted that after discharge her condition was considered, at most, very mild. (AR 18 & 21). Thus, the evidence establishes that the ALJ is not likely to find disability where deterioration is a result of non-compliance with medication. The ALJ found that when the claimant properly follows her doctor's advice and takes her medications her condition is not severe. (AR 21). Accordingly, it is not likely this additional evidence of deterioration as a result of non-compliance with medication would cause the ALJ to reach a different result on the disability claim.

The court finds the claimant has not met the materiality requirement necessary for a remand.

The court being advised,

**IT IS ORDERED** that the motion for remand of the claimant (Doc. 8) be, and it hereby is, **denied** and that the claimant shall file her motion for summary judgment on or before November 15, 2007 and the Commissioner shall file his cross-motion on or before December 15, 2007.

This 9th day of October, 2007.



**Signed By:**
*William O. Bertelsman* WOB
**United States District Judge**

4