```
            UNITED STATES DISTRICT COURT
            EASTERN DISTRICT OF KENTUCKY
                  SOUTHERN DIVISION
                      AT LONDON
```

**CIVIL ACTION NO. 2007-117 (WOB)**

**SANDRA BEGLEY**                                              **PLAINTIFF**

**VS.**                        <u>**OPINION AND ORDER**</u>

**MICHAEL J. ASTRUE,**
**COMMISSIONER OF SOCIAL SECURITY**                            **DEFENDANT**

     This matter is before the court on the motion for summary judgment of the plaintiff (Doc. 23) and the cross-motion for summary judgment of the defendant (Doc. 24).

     In reviewing the decision of the ALJ in Social Security cases, the only issue before the court is whether the decision is supported by substantial evidence. <u>Richardson v. Perales</u>, 402 U.S. 389, 390 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." <u>Alexander v. Apfel</u>, 17 Fed. Appx. 298 (6th Cir. 2001)(citing <u>Buxton v. Halter</u>, 246 F.3d 762, 772-73 (6th Cir. 2001)).

     In order to qualify for disability benefits, a claimant must establish that she is disabled within the meaning of the Social Security Act. 42 U.S.C. § 423(a)(1)(D). The Act defines

1

"disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(2)(A).

The Social Security Act requires the Commissioner to follow a five-step process when making a determination on a claim of disability.  Heston v. Commissioner of Social Security, 245 F.3d 528 (6th Cir. 2001).  First, the claimant must demonstrate that she is not currently engaged in "substantial gainful activity." Heston, 245 F.3d at 534 (citing Abbott v. Sullivan, 905 F.2d 918, 923 (6th Cir. 1990)(citing 20 C.F.R. § 404.1520(b)).  Second, if the claimant is not engaged in substantial gainful activity, she must demonstrate that she suffers from a severe impairment.  Id. "A 'severe impairment' is one which 'significantly limits . . . physical or mental ability to do basic work activities.'"  Id. (citing 20 C.F.R. §§ 404.1520(c) and 416.920(c)).  Third, if the claimant is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the impairment meets or equals a listed impairment at 20 C.F.R. pt. 404, subpt. P, appendix 1, then the claimant is presumed disabled regardless of age, education or work experience.  Id. (citing 20 C.F.R. §§ 404.1520(d) and 416.920(d)(2000)).  Fourth, the claimant is not disabled if her impairment(s) does not prevent her from doing her past relevant work.  Id.  Lastly, even if the claimant cannot perform her past

2

relevant work, she is not disabled if she can perform other work which exists in the national economy.  Id. (citing Abbott, 905 F.2d at 923).

The claimant has the burden of establishing that she is disabled, but the Commissioner bears the burden of establishing that the claimant can perform other work existing in the national economy.

The claimant has previously received benefits, beginning in May 1998, due to affective mood disorder and anxiety.  The benefits terminated in July 2002 due to medical improvement.  The claimant filed her present application for benefits on November 9, 2004, alleging a disability onset of September 15, 2004.

At the time of the hearing, claimant was fifty-two years old and has a high school education and limited college credit. Claimant has no prior relevant work experience, but does work as a caregiver three days a week and babysits her grandchildren two days a week.  The ALJ found these jobs did not constitute substantial gainful activity.

The claimant alleges disability due to anxiety disorder, bipolar disorder and insomnia.  The claimant alleges that she generally suffers from one panic attack per week.  She currently takes Lithium and Risperdal.

At the hearing on this application, the ALJ sought testimony from the claimant and a vocational expert.  Upon hearing the testimony and reviewing the record, the ALJ performed the requisite five-step evaluation for determining disability.

At step one, the ALJ determined that claimant had not been engaged in substantial gainful activity since the alleged onset of disability.  At step 2, the ALJ determined that the claimant's anxiety disorder is a severe impairment.

At step 3, the ALJ determined that, although claimant has an impairment that is "severe," she does not have an impairment or combination thereof that is listed in or equal to one listed at 20 C.F.R. pt. 404, subpt. P, appendix 1.  The ALJ specifically determined that claimant's impairment or combination of impairments did not meet the criteria of any listing under Section 12.00.

At step 4, the ALJ found that the claimant did not have any prior relevant work experience and, therefore, moved to step five.  At step 5, the ALJ found that the claimant has a residual functional capacity to perform a range of medium work but that her ability to perform is compromised by nonexertional limitations caused by her anxiety disorder.  The ALJ asked the vocational expert whether there were any jobs in the economy that a person could perform who was claimant's age and had the same education, work history and limitations as the claimant.  The vocational expert opined that given the limitations posed by the ALJ, a significant number of jobs existed in the national economy that such a claimant could perform, including janitor (13,000 jobs in Kentucky and 870,000 jobs nationally), packer (2,700 jobs in Kentucky and 175,000 jobs nationally), and vehicle cleaner (900 jobs in Kentucky and 60,000 jobs nationally).  Based on this

4

testimony, the ALJ found that the claimant was not disabled.

The claimant argues that the ALJ erred at step three in the analysis when he found the claimant did not meet Listing 12.04[1].

---

[1]Listing 12.04 provides:
*Affective Disorders*: Characterized by a disturbance of mood, accompanied by a full or partial manic or depressive syndrome. Mood refers to a prolonged emotion that colors the whole psychic life; it generally involves either depression or elation.
   The required level of severity for these disorders is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.
A. Medically documented persistence, either continuous or intermittent, of one of the following:
1. Depressive syndrome characterized by at least four of the following:
a. Anhedonia or pervasive loss of interest in almost all activities; or
b. Appetite disturbance with change in weight; or
c. Sleep disturbance; or
d. Psychomotor agitation or retardation; or
e. Decreased energy; or
f. Feelings of guilt or worthlessness; or
g. Difficulty concentrating or thinking; or
h. Thoughts of suicide; or
i. Hallucinations, delusions, or paranoid thinking; or
2. Manic syndrome characterized by at least three of the following:
a. Hyperactivity; or
b. Pressure of speech; or
c. Flight of ideas; or
d. Inflated self-esteem; or
e. Decreased need for sleep; or
f. Easy distractability [sic]; or
g. Involvement in activities that have a high probability of painful consequences which are not recognized; or
h. Hallucinations, delusions or paranoid thinking; or
3. Bipolar syndrome with a history of episodic periods manifested by the full symptomatic picture of both manic and depressive syndromes (and currently characterized by either or both syndromes); AND
B. Resulting in at least two of the following:
1. Marked restriction of activities of daily living; or
2. Marked difficulties in maintaining social functioning; or
3. Marked difficulties in maintaining concentration, persistence, or pace; or
4. Repeated episodes of decompensation, each of extended

The required level of severity for this disorder is met when the requirements in both A and B are satisfied, or when the requirements in C are satisfied.  20 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.04.  If a claimant cannot establish this level of severity, she has not met the listing.  20 C.F.R. § 404.1525.

The claimant asserts that she meets all three sections of Listing 12.04.  Even if, however, the claimant can establish she met the A criteria requirements, there is no evidence of record establishing the listing's B criteria.  Specifically, criteria B requires the plaintiff show that her mental impairment resulted in at least two of the following: 1) marked restriction of activities of daily living; 2) marked difficulties in maintaining social functioning; 3) marked difficulties in maintaining concentration, persistence, or pace; or 4) Repeated episodes of decompensation, each of extended duration.  404 C.F.R. pt. 404, subpt. P, app. 1, Listing 12.04(B).

---

    duration;
    OR
    C. Medically documented history of a chronic affective disorder of at least 2 years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by medication or psychosocial support, and one of the follow:
    1. Repeated episodes of decompensation, each of extended duration; or
    2. A residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to decompensate; or
    3. Current history of 1 or more years' inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

6

The record does not support claimant's claim that she meets the B criteria. Specifically, none of the consultants of record provided an opinion that the claimant had marked restrictions as required to satisfy the B criteria. (See JA 480-87, 574-76, 578-81, 583-96, 598-611).

The claimant argues that the consultative report of Dr. Starkey supports a finding that she meets the B criteria. Dr. Starkey, however, reported that the claimant has mild difficulty understanding and remembering simple one and two step instructions; mild to moderate difficulty sustaining the attention and pace necessary for completing tasks, mild difficulty relating to people and moderate difficulty dealing with normal pressures found in the work setting. (AR 486). Dr. Starkey assessed the claimant as having a Global Assessment of Functioning score of 55, which indicates moderate symptoms or difficulties in occupational functioning. Dr. Starkey did not opine that the plaintiff had marked limitations in any area of functioning and her report does not support a finding that claimant meets the B criteria.

The claimant also argues that she meets the C criteria of Listing 12.04 because of her history and current treatment of bipolar and anxiety disorders. To satisfy the C criteria, the claimant must show a medically documented history of a chronic affective disorder of at least two years' duration that has caused more than a minimal limitation of ability to do basic work activities, with symptoms or signs currently attenuated by

7

medication or psychosocial support, and one of the following: repeated episodes of decompensation, each of extended duration; a residual disease process that has resulted in such marginal adjustment that even a minimal increase in mental demands or change in the environment would be predicted to cause the individual to compensate; or current history of one or more years inability to function outside a highly supportive living arrangement, with an indication of continued need for such an arrangement.

The claimant argues that she has had repeated episodes of decompensation, each of extended duration, that has caused more than a minimal limitation on her ability to do basic work activities. The medical records, however, do not support her claim.

On September 8, 2004, the claimant was involuntarily hospitalized, but the records demonstrate that her condition had deteriorated as a result of her not taking her medication. After the medications were resumed, the claimant slowly responded and, after ten days, she was discharged. (AR 281). The records from Kentucky River Community Care demonstrate that the claimant had no new complaints or significant problems after her discharge. (AR 488-94). The record does not demonstrate repeated episodes of decompensation for extended duration. Instead, the record demonstrates that as long as the claimant is compliant with her drug therapy, her impairment causes her, at the most, moderate limitations. The claimant has not met her burden of proving

8

that she meets the C criteria of Listing 12.04.

A review of the record results in a finding that substantial evidence supports the ALJ's finding that the claimant did not meet Listing 12.04.  Drs. Starkey, Brake and Athy all found that the claimant's impairment resulted in mild to moderate limitations in occupational functioning, which falls below the criteria required to meet the listing.

The claimant points to Dr. Starkey's statement that claimant cannot work full-time as evidence that the ALJ's decision is not supported by substantial evidence.  Dr. Starkey did opine that the claimant "is not likely to be psychologically amendable [sic] for full-time work in the coming 12 months."  (AR 487).  The ALJ, however, is not bound by the conclusory statement of a doctor that a claimant is disabled. *See Buxton v. Halter*, 246 F.3d 762, 773 (6th Cir. 2001).  The ultimate responsibility for determining whether a claimant is disabled is reserved to the Commissioner. 20 C.F.R. §§ 404.1527(e)(1), 416.927(e).  Furthermore, Dr. Starkey's conclusory statement is inconsistent with her findings that the claimant is minimally to moderately limited by her impairments.  Accordingly, the ALJ did not err in according Dr. Starkey's statement no weight.

Lastly, the claimant argues that the ALJ ignored the physical limitations caused by the muscle tightness in her neck, shoulders, chest and back.  The ALJ noted in his report that the claimant complained of muscle tightness but also noted that the claimant testified the tightness does not affect her ability to

9

sit or walk, only that it kept her from feeling good. The physical exams of record do not demonstrate significant limitations. On March 20, 2006, the medical note states "no loss of muscle strength." (AR 620). A chiropractor note states that the claimant improved with spinal adjustments. (AR 622). There is no evidence of record that supports claimant's claim of significant physical impairments.

As discussed above, "the findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. Even if the evidence could also support another conclusion, the decision of the ALJ must stand if the evidence could reasonably support the conclusion reached." Alexander v. Apfel, 17 Fed. Appx. 298 (6th Cir. 2001) (citing Buxton v. Halter, 246 F.3d 762, 772-73 (6th Cir. 2001)).

The court holds that the findings of the ALJ are supported by substantial evidence. Accordingly, the claimant is not disabled within the meaning of the Social Security Act and the ALJ's decision is affirmed.

Therefore, the court being advised,

**IT IS ORDERED** as follows:

1. That, pursuant to sentence four of 42 U.S.C. § 405(g), the motion for summary judgment of the plaintiff (Doc. 23) be, and it hereby is, **denied**; and the cross-motion for summary judgment of the defendant (Doc. 24) be, and it hereby is, **granted**; and

2.  That this action be, and it is, hereby **dismissed and stricken** from the docket of this court.

This 24th day of January, 2008.



Signed By:
*William O. Bertelsman*  WOB
United States District Judge

11